UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 10-6-JJB

DERRICK ERVIN

## **RULING**

This matter came before the Court on defendant's motion to suppress (doc. 27). The United States filed an opposition (doc. 29). A hearing on the motion was held on May 26, 2010. Thereafter, the defendant filed a post-hearing memorandum in support of defendant's motion to dismiss (doc. 39), and the United States filed a post-hearing opposing memorandum (doc. 40). Defendant subsequently filed a reply (doc. 41). The matter was transferred to this division on December 15, 2010. By agreement of the parties, this court has reviewed the transcript of the May 26 hearing and the video of the traffic stop.

Defendant is charged with possession of counterfeited securities, in violation of Title 18, United States Code, Section 513(a). In the present motion, defendant seeks to have this court suppress evidence seized from defendant's rental car during a January 5, 2010 traffic stop. The motion also requests that defendant's subsequent statements also be suppressed on the same basis.

On January 5, 2010, Officer Donald Vallet of the West Baton Rouge Sheriff's Office conducted a traffic stop of defendant's car after purportedly observing defendant following another vehicle too closely. A video of this traffic

1

stop has been presented to the court. During the traffic stop, Officer Valet asked defendant about his travel plans and his criminal history. The officer then returned to his vehicle and ran defendant's criminal history and driver's license report. After issuing defendant a verbal warning, rather than a citation, Officer Vallet asked defendant whether there was anything illegal in his car. Officer Vallet then requested defendant's consent to search his car. After interpreting defendant's response as a denial for permission to search, the officer informed defendant that he would conduct a free air sniff of the vehicle with a narcotics detection dog. The officer then patted down defendant. Thereafter, the canine allegedly made a positive alert on defendant's car. Agent Vallet, as well as another officer who had arrived, then conducted a search of defendant's car during which they found incriminating items. Further investigation occurred at the West Baton Rouge Sherriff's Office station, during which defendant allegedly made incriminating statements regarding his possession of counterfeited securities.

In the motion to suppress, defendant argues that the search of defendant's car was in violation of the Fourth Amendment and thus any items obtained, and any statements subsequently made, should be excluded from evidence. Defendant argues that he was seized by the officer prior to the search, that the officer lacked reasonable suspicion to believe an offense had been committed, and that the narcotics dog may not have actually alerted upon sniffing defendant's vehicle. In opposition, the United States ultimately concedes that the

stop was prolonged and thus both sides agree that the detention must be justified by reasonable suspicion. The United States also argues that the narcotics dog alerted on defendant's car, giving probable cause to search defendant's vehicle.

Both sides agree, based on Fifth Circuit and Supreme Court precedent, that a detention may not exceed the scope of the initial stop unless additional reasonable suspicion arises in the course of the stop. *United States v. Jenson*, 462 F.3d 399, 404 (5th Cir. 2006). Defendant correctly notes that, once an officer has completed a computer check (as here, regarding defendant's driver's license and criminal history), "the officer must have a reasonable suspicion supported by articulable facts that a crime has been or is being committed." *United States v. Santiago*, 310 F.3d 336, 342 (5th Cir. 2002). The determination of whether a police officer had reasonable suspicion requires consideration of the totality of the circumstances. *United States v. Neufeld-Neufeld*, 338 F.3d 374, 378 (5th Cir. 2003). The totality of circumstances inquiry should reflect the outcome of a process in which the police officers "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." *Id.* at 379 (citing *United States v. Arvizu*, 534 U.S. 266, 273 (2002)).

The articulable facts given in support of Officer Vallet's reasonable suspicion include the following: defendant had engaged in driving patterns which, based on Officer Vallet's training and experience, were considered criminal indicators; defendant appeared nervous and avoided making eye contact during

3

his interaction with Officer Vallet; defendant was untruthful about his criminal history; defendant gave inconsistent accounts regarding the purpose of his trip to Houston; defendant claimed that he did not have a rental agreement for his rental car; defendant was traveling on a major drug corridor; defendant was traveling from Atlanta to Houston, both of which are purported hub cities for illegal activity such as narcotics trafficking, smuggling, etc.; finally, the officer's initial contact with defendant – defendant stopped just prior to the back of his vehicle and the officer posits that this behavior indicated defendant had something to hide.

Defendant attempts to isolate the facts which formed the basis of Officer Vallet's reasonable suspicion. As the Fifth Circuit has established, "it is improper for a court to refuse to find that reasonable suspicion existed because each of a set of circumstances has an innocent explanation. The proper question is whether or not the entire set of circumstances, taken together, created reasonable suspicion of criminal activity." *United States v. Pack*, 612 F.3d 341 358 (5th Cir. 2010) (citing *Arvizu*, 122 S.Ct. at 751). As such, the court finds that the facts and circumstances regarding this defendant, surrounding this stop, taken as a whole, indicate the officer had reasonable suspicion to believe that a crime had been or was being committed. The brief prolonging of defendant's traffic detention to allow a canine to sniff defendant's car, based on the officer's reasonable suspicion, was not in violation of the Fourth Amendment.

The only issues left, then, are whether the canine alerted when sniffing defendant's car, as this is posited as providing probable cause to search

4

defendant's vehicle, and whether the police acted diligently in investigating reasonable suspicion. While defendant's initial motion to dismiss simply contends, without giving reasons, that defendant "challenges" the positive alert by the narcotics canine, defendant appears to have abandoned this position after the hearing, instead basing his motion on the underlying illegality of the detention. Based on the unrefuted testimony of Officer Vallet, then, the court agrees with the United States that the alert by the narcotics detection dog supplied probable cause for the search of defendant's car. Defendant alternatively argues that the police did not act diligently enough in an investigation likely to quickly confirm or dispel their reasonable suspicion. This argument is without merit. The video and testimony offered indicate that the police did not act unreasonably or in a dilatory manner. Defendant's argument amounts to "unrealistic second-guessing" and is unsupported by the record. *See United States v. Brigham*, 382 F.3d 500, 511-12 (5th Cir. 2004).

For the foregoing reasons, the defendant's motion to suppress (doc. 27) is DENIED.

Signed in Baton Rouge, Louisiana, on December 22, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**